# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND
(Southern Division)

| | |
|---|---|
| SHARNESE HALL<br>On Her Own Behalf and on Behalf of<br>All Others Similarly Situated,<br><br>        Plaintiff,<br>v.<br><br>HWS, LLC t/a<br>HENRY'S WRECKER SERVICE, *et al.*<br><br>        Defendants. | Civil Action No. 8:22-cv-00996-BAH |

USDC- BALTIMORE
'25 JUN 5 AM10:56

## Final Order Approving Settlement and Certifying Settlement Class

Upon review and consideration of the Settlement Agreement (ECF No. 106-2) (the "Settlement Agreement") by and between the Plaintiff, Sharnese Hall (acting individually and on behalf of the Settlement Class defined below) and Defendants HWS, LLC, Henry's Wrecker Service Company of Fairfax County, Inc., Fred Scheler, Richard Barakat, Joshua Welk, Wheaton Metro Residential Holdings, LLC and Foulger-Pratt Residential, LLC ("collectively "Defendants"), and after review of the memoranda and arguments of counsel,

IT IS HEREBY ORDERED and adjudged as follows:

1.    This Court certified the following Class (the "Settlement Class") in this case, by Order entered February 4, 2025:

> All consumers on the class list compiled in this case whose vehicles, between March 23, 2019 and December 31, 2023, were non-consensually/trespass towed by Henry's Wrecker Service from a private Parking Lot in Montgomery County, Maryland, where Henry's charged or was paid a fee.

ECF No. 108 ("Preliminary Approval Order") ¶ 2. Excluded from the Settlement Class are all employees, officers and directors of Defendants and all employees of the Court. *Id.* ¶ 3.

2. Pursuant to *Fed.R.Civ.P.* 23, and as discussed below, the Court approves the settlement of this action, as embodied in the terms of the Settlement Agreement, and finds that the Settlement is, in all respects, fair, reasonable, and adequate and in the best interest of the Settlement Class Members in light of the factual, legal, practical and procedural considerations raised by this case. The Settlement Agreement is the product of good faith arms-length negotiations by the Parties, each of whom was represented by experienced counsel. The relief provided for the Class in the Settlement is adequate and the proposal treats Class members equitably relative to each other. The Settlement Agreement is incorporated by reference into this Order (with capitalized terms as set forth in the Settlement Agreement), is hereby adopted as an Order of this Court, and becomes part of the final judgment in this action. In the event of a conflict between the text of this Order and the text of the Settlement Agreement, the text of the Settlement Agreement shall prevail. Further, the Court notes that Plaintiff and Defendants agree that nothing in the Settlement Agreement, nor any of its terms or provisions, nor entry of judgement, nor any document or exhibit referred to, authorizes anyone in any other proceeding to use the Agreement as evidence of the validity of any of the underlying claims or allegations, or authorizes anyone in any other proceeding to use this Agreement as an admission by or against the Henry's Defendants of any fault, wrongdoing, or concession of liability whatsoever.

3. For the purpose of settlement, as addressed further below, pursuant to *Fed.R.Civ.P.* 23(a) and 23(b)(3), the Court hereby finally certifies the Settlement Class.

4. The Court finds that the notice disseminated pursuant to the Preliminary Approval Order to the approximately 33,443 persons on the Settlement Class Member List, which was compiled by the Settlement Administrator from information and data provided to it by Defendants HWS, LLC, Henry's Wrecker Service Company of Fairfax County, Inc. (the "Henry's Defendants") pursuant to the Settlement Agreement and Preliminary Approval Order, and the Court's March 19, 2025 Order Granting Joint

Motion for Extension of Time for Giving Notice to the Class and to Move the Date of the Final Approval Hearing (ECF No. 110) ("March 19 Order"), was in compliance with the Preliminary Approval Order and the March 19 Order and constituted the best notice practicable under the circumstances and satisfy the requirements of due process and *Fed.R.Civ.P.* 23.

5. The Court finds that no Settlement Class Members have elected to exclude themselves from the Settlement.

6. The Court appoints Sharnese Hall as the Class Representatives of the Settlement Class, and finds that she meets the adequacy requirements of *Fed.R.Civ.P.* 23(a)(4).

7. The Court appoints the following lawyers as Class Counsel for the Settlement Class, and finds that these counsel meet the adequacy requirements of *Fed.R.Civ.P.* 23(a)(4):

> Richard S. Gordon
> Benjamin H. Carney
> GORDON, WOLF & CARNEY, CHTD.
> 11350 McCormick Rd.
> Executive Plaza 1, Suite 1000
> Hunt Valley, Maryland 21031

Richard S. Gordon is hereby appointed as Lead Counsel for the Class.

8. The Court further finds that all the requirements for class certification are met in this case.

### (a) Class Certification Requirements of *Fed.R.Civ.P.* 23(a)

*Fed.R.Civ.P.* 23(a) requires the following four threshold elements be met in order for a class to qualify for certification: (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class.

***FED.R.CIV.P. 23(a)(1) (numerosity)***: As the Henry's Defendants have represented in the Settlement Agreement (at ¶ 17), thousands of persons are Settlement Class Members, and as the Henry's Defendants provided information and data that resulted in the Settlement Administrator compiling a List identifying Settlement Class Members, and as the Settlement Administrator directed individualized notice to Settlement Class members, the Class is ascertainable and so numerous that joinder of all members is impracticable;

***FED.R.CIV.P. 23(a)(2) (commonality of facts and law)***: There are questions of law or fact common to the Settlement Class, including whether Defendants alleged actions violated Maryland's Towing or Removal of Vehicles from Parking Lots Law, Md. Code Ann., Transp. § 21-10A-01 *et seq.*, Montgomery County's Tow Ordinances, Montgomery County Code, § 30C-1, *et seq.*, and the common law. As such, the Court finds the requirements of *FED.R.CIV.P.* 23(a)(2) are satisfied;

***FED.R.CIV.P. 23(a)(3) (Typicality)***: The claims of the Representative Plaintiff are typical of the claims of the Settlement Class that Representative Plaintiff seeks to certify, as Representative Plaintiff's claims center on the same facts and legal theories which are central to Settlement Class Members' claims as required by *FED.R.CIV.P.* 23(a)(3); and,

***FED.R.CIV.P. 23(a)(4) (Adequacy)***: The Court finds that Representative Plaintiff and her counsel will protect the interests of the Settlement Class fairly and adequately, as no conflict of interest between the Representative Plaintiff and the Settlement Class has

been shown, and Representative Plaintiff has retained counsel experienced in class action litigation.

**(b)  The Class Certification Requirements of FED.R.CIV.P. 23(b)(3)**

After the requirements of FED.R.CIV.P. 23(a) are found to exist, the Court must determine pursuant to FED.R.CIV.P. 23(b) whether this case may be maintained as a class action under FED.R.CIV.P. 23(b)(1), (b)(2) or (b)(3).

**23(b)(3):** This Court finds that the allegations in this case focus on an alleged uniform and consistent practice and that there are common, overriding legal claims held by all Class members regarding the legality of the Defendants' alleged actions. The Court further finds that the pursuit of numerous individual cases, which would be essentially identical, would be a waste of judicial time and resources. Thus, the questions of law or fact common to Settlement Class members, and which are relevant for settlement purposes, predominate over the questions affecting only individual Settlement Class members, because the lawsuit and Settlement Agreement concern, for all Settlement Class members, the application of the same statutes to the same facts, including materially similar conduct by Defendants in respect of all Settlement Class Members; and,

Certification of the Settlement Class is superior to other available methods for the fair and efficient adjudication of this controversy, because the Settlement Agreement provides relief to the Settlement Class, while in the absence of class certification, Settlement Class Members would, as a practical matter, face difficulty in seeking or obtaining relief for the relatively small individual claims alleged in this lawsuit.

9. The Court finds that class certification is appropriate after considering (A) the interest of members of the class in individually controlling the prosecution of separate actions, (B) the extent and nature of any litigation concerning the controversy already commenced by members of the class, (C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum, and (D) the difficulties likely to be encountered in the management of a class action. In particular, the Court finds that individual class members do not have an interest in individually controlling the prosecution of separate actions which weighs against class certification, as such individual actions would be impractical; there is no other litigation concerning this controversy already commenced by members of the class; and that the nature of this class certification as for settlement neutralizes any concerns about litigation in a particular forum, and the manageability of a contested class action.

    (a)    **The *FED.R.CIV.P.* 23(e) Requirements**

The Court finds that the Settlement is fair, reasonable, and adequate considering the factors listed in *Fed.R.Civ.P.* 23(e)(2).

    i.    ***FED.R.CIV.P.* 23(e)(2)(A)(adequate representation):** The Court finds that both Representative Plantiff and Class Counsel adequately represented the Settlement Class in this case. Class Counsel vigorously litigated the case and arrived at the proposed Settlement only after extensive research into the applicable law and factual issues, conducting discovery into Defendants' practices, and after multiple intensive mediations and negotiations including the exchange of information, facilitated by the parties' mediator, the Honorable James R. Eyler (Ret.). The Court finds that Representative Plaintiff actively cooperated with Class Counsel and saw this case through to settlement. Thus, the Court finds that the requirement of adequate representation under *Fed.R.Civ.P.* 23(e)(2)(A) is satisfied.

ii. **_FED.R.CIV.P._ 23(e)(2)(B)(arms-length negotiation):** The Court finds that the Parties participated in intensive mediation and negotiations supervised by Judge Eyler, including multiple mediation sessions and more than a year of negotiations involving mutual give and take and competing demands and responses. Thus, the Court finds that the requirement of arms-length negotiation under Fed.R.Civ.P. 23(e)(2)(B) is satisfied.

iii. **_FED.R.CIV.P._ 23(e)(2)(C)(adequate relief):** This Court finds that the relief provided to the Class is adequate considering: (i) the costs, risks, and delay of trial and appeal; (ii) the effectiveness of any proposed method of distributing relief to the class, including the method of processing class-member claims; (iii) the terms of any proposed award of attorney's fees, including timing of payment; and (iv) any agreement required to be identified under Rule 23(e)(3). This Court finds that had this case proceeded to trial Plaintiffs would have faced risk, incurred extensive costs and experienced significant delay in recovery. This Court finds that the distribution and claims process is adequate as it prescribes a pro rata distribution of the Common Fund. This Court also finds that the requested attorney's fee award of one-third (33⅓%) of the Common Fund is reasonable considering Class Counsel's work and the significant benefit obtained for the Settlement Class under the Settlement Agreement. This Court finds that there were no Rule 23(e)(3) agreements in this case. Thus, the Court finds that the requirement of adequate relief under Fed.R.Civ.P. 23(e)(2)(C) is satisfied.

iv. **_FED.R.CIV.P._ 23(e)(2)(D)(Class members treated equally):** This Court finds that the Settlement Agreement treats class

7

members equitably relative to each other. All Settlement Class members are entitled to claim a payment based upon the fact that they are a consumer, their vehicle was towed by the Henry's Defendants, and they were charged or paid a fee in order to retake possession of their vehicle. Thus, the Court finds that the requirement of equal treatment under *Fed.R.Civ.P.* 23(e)(2)(D) is satisfied.

10. After due consideration of the state of proceedings and the posture of the case at the time settlement was proposed; the circumstances surrounding settlement negotiations; the experience of counsel; the relative strength of Representative Plaintiff's case on the merits; the existence of difficulties of proof and defenses Representative Plaintiff would be likely to encounter if the case went to trial; the anticipated duration and expense of additional litigation; the solvency of Defendants and the likelihood of recovery on a litigated judgment; the degree of opposition to the settlement and opt-outs from the settlement by Settlement Class members; all written submissions; affidavits and arguments of counsel; and after notice and a hearing, this Court finds that the settlement is fair, adequate, and reasonable. Accordingly, the Settlement Agreement is approved and shall govern all issues regarding the settlement and all rights of the Parties to this settlement, including Settlement Class members. Each Settlement Class Member shall be bound by the Agreement, including the releases in the Settlement Agreement, to the extent applicable.

11. The Parties are hereby ORDERED promptly to carry out their respective obligations under the Settlement Agreement and the Settlement Administrator is hereby DIRECTED to make payments to those Settlement Class members entitled to monetary payments under the Settlement Agreement consistent with the terms of the Settlement Agreement.

12. The Motion for Award of Attorney's Fees and Costs to Class Counsel is GRANTED. The Settlement Administrator shall transfer from the Common Fund to

Trust Account of Gordon, Wolf & Carney, Chtd., attorney's fees in an amount equal to one-third (33⅓%) of the Common Fund, plus expenses in the amount of $10,494$^{63}$, in accordance with the Settlement Agreement.

13. The Motion for Approval of Incentive Award to the Representative Plaintiff is GRANTED. In accordance with ¶ 21 of the Settlement Agreement, within ten (10) calendar days after the Effective Date, as defined in the Settlement Agreement, the $15,000$^{00}$ that the Defendants deposited in Fulton Bank for the purpose of an incentive payment to Ms. Hall, shall be forwarded to the Trust Account of Gordon, Wolf & Carney Chtd. to be paid to Ms. Hall.

14. The Court hereby approves the protocol for distributing the *cy pres* funds provided for in ¶ 20 of the Settlement Agreement as fair, reasonable, and warranted under the circumstances. Any *cy pres* funds in this case shall be distributed to the University of Maryland Francis King Carey School of Law for the endowment of the Michael Millemann Professorship in Consumer Protection Law.

15. All Released Claims of each Settlement Class member (as those terms are defined in the Settlement Agreement) are hereby dismissed with prejudice.

16. This Court retains jurisdiction of all matters relating to the interpretation, administration, implementation, effectuation, and enforcement of the Settlement Agreement. The Court further retains jurisdiction to enforce this Order entered this day. BY ORDER OF THE COURT.

Dated: __June 5__, 2025.    _____
Honorable Brendan A. Hurson
Judge, U.S. District Court for
the District of Maryland